Submitted on record and brief August 8, 1986, reversed and remanded May 6, 1987

## STATE OF OREGON,
*Appellant,*

*v.*

## RAUL AGUILAR,
*Respondent.*

(43098; A39255)

736 P2d 620

Dave Frohnmayer, Attorney General, Salem, filed the brief for appellant. With him on the brief were James E. Mountain, Jr., Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant was charged with driving under the influence of intoxicants in violation of state law while driving a vehicle on property owned by the federal government at McNary Dam. The trial court granted defendant's demurrer on the ground that the state court lacked jurisdiction over defendant's conduct on federal property. We reverse.

■ *Former* ORS 487.025(1)[1] provides:

"Except as provided otherwise by federal law, the provisions of this chapter [defining the rules of the road] shall be applicable and uniform on federal lands within this state."

Generally, when lands are held by the United States in a proprietary capacity, the property is subject to concurrent state and federal jurisdiction.[2] The United States may acquire exclusive jurisdiction of land under the provisions of the Jurisdiction Clause of the United States Constitution[3] by purchasing the land with the consent of the state legislature. *Wilson v. Cook,* 327 US 474, 66 S Ct 663 90 L Ed 793 (1946); *Fort Leavenworth R. R. Co. v. Lowe,* 114 US 525, 5 S Ct 995, 29 L Ed 264 (1885).

■ ■ We cannot tell from the record before us to which category of property McNary Dam belongs. Although the determination of jurisdiction is a matter of law for the court to decide, the underlying facts necessary to decide the issue are lacking. Defendant has made no showing that the United States has acted to preempt state authority on the federal land.

Reversed and remanded.

---

[1] Now renumbered ORS 801.020(5).

[2] United States Constitution, Article IV, section 3, cl 2, provides:

"The Congress shall have power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States * * *."

[3] Article I, section 8, cl 17, provides:

"The Congress shall have Power * * * To exercise exclusive Legislation in all Cases whatsoever over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings; * * *."